IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00331-MJW

TREVOR PETERSON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

**ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS (Docket No. 14)**

Upon the consent of all parties, this case has been referred for all purposes to the undersigned under 28 U.S.C. § 636(c).  (Docket Nos. 6 & 7.)  Now pending is defendant's Motion to Dismiss.  (Docket No. 14.)  The Court has reviewed the parties' filings (Docket Nos. 14 & 17), taken judicial notice of the court's entire file in this case, and considered the relevant Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court GRANTS defendant's motion and DISMISSES this case without prejudice.

## Background

On March 31, 2015, the Court granted then-Defendant Sterling Moss's motion to substitute the United States of America as defendant, on the ground that plaintiff's case sounds in tort, was brought against an employee of the federal government acting within the scope of his or her employment, and is therefore governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*  (Docket No. 13.)

Later that day, the United States moved to dismiss for lack of subject-matter

jurisdiction, arguing that plaintiff failed to exhaust his FTCA administrative remedies as required by 28 U.S.C. § 2675.  (Docket No. 14.)

## Discussion

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss any case over which it does not have subject-matter jurisdiction.  In resolving a motion like this, the Court may consider affidavits and other evidence limited to the disputed jurisdictional facts, without converting the motion to one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

The government included an affidavit attesting that the relevant administrative agency could find no record of any FTCA claim filed by plaintiff.  (Docket No. 14-1.)  In plaintiff's response to the motion, plaintiff argued that the case should continue because he filed an FTCA claim with the relevant agency on April 13, 2015.  (Docket No. 17.)  Because this case was filed in February 2015, plaintiff's response impliedly concedes that he did not file any administrative claims prior to filing his complaint, and the Court finds as a fact that he did not.

Further, plaintiff's argument that his late-filed FTCA claim form should save his case from dismissal is erroneous.  The Supreme Court explicitly decided in 1993 that the administrative remedies must be exhausted *before* filing a lawsuit, not after.  *McNeil v. United States*, 508 U.S. 106 (1993); *D'Addabbo v. United States*, 316 F. App'x 722, 725 (10th Cir. 2008).  The Court therefore concludes that it lacks subject-matter jurisdiction to hear this case.  *Cf. Pretlow v. Garrison*, 420 F. App'x 798, 804 (10th Cir. 2011) (dismissing unexhausted claims for lack of subject-matter jurisdiction where, as here, the case was removed from state court under the federal-defense doctrine of

*Mesa v. California*, 489 U.S. 121 (1989)).

Accordingly, it is ORDERED that the United States' Motion to Dismiss (Docket No. 14) is GRANTED and that this case is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to close the case and tax costs against plaintiff under Fed. R. Civ. P. 54(d).

Done and signed this 7th day of May, 2015.

BY THE COURT:

s/Michael J. Watanabe
MICHAEL J. WATANABE
United States Magistrate Judge